UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| AMANDA RHEA BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | No.:  3:20-cv-468-TAV-JEM |

## MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation ("R&R") [Doc. 26] filed by United States Magistrate Judge H. Bruce Guyton, on December 21, 2021. In the R&R, Magistrate Judge Guyton recommends that plaintiff's motion for judgment on the pleadings [Doc. 20] be denied and defendant's motion for summary judgment [Doc. 24] be granted. Plaintiff objected to the R&R [Doc. 27], and defendant filed a notice that it did not intend to file a response and, instead, relied on its prior briefing [Doc. 28]. For the reasons explained herein, plaintiff's objections to the R&R [Doc. 27] are overruled, the R&R [Doc. 26] is accepted and adopted in whole, defendant's motion for summary judgment [Doc. 24] is granted, and plaintiff's motion for judgment on the pleadings [Doc. 20] is denied.

**I.  Background**

The following factual background is taken from Sections I and II of the R&R [Doc. 26], to which no objections have been filed.

On October 16, 2016, plaintiff protectively filed an application for disability insurance benefits and supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 401–03, 1381–85, claiming a period of disability that began on September 5, 2016 [Tr. 58–59, 74–75]. After her application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ") [Tr. 10–11]. A hearing was held on January 9, 2019 [Tr. 18–28]. On March 12, 2019, the ALJ found that plaintiff was not disabled [Tr. 94–105].

Plaintiff requested review of the ALJ's decision by the Appeals Council ("AC") on May 8, 2019 [Tr. 184–86]. The AC issued a final decision on September 2, 2020, adopting all relevant statements and findings of the ALJ's decision and adopting the ALJ's findings and conclusions regarding whether plaintiff was disabled [Tr. 1–7]. However, the AC exhibited additional evidence because it disagreed with the ALJ's omission of various medical records [Tr. 6, 2262–302]. In any case, the AC found that the ALJ's omission of the medical records did not provide a reason to remand or alter the ALJ's findings and decision [Tr. 5]. Thus, the AC determined that plaintiff was not disabled, making the AC's decision—adopting the ALJ's findings—the final decision of the Commissioner. The AC noted that "[plaintiff's] alleged symptoms are not consistent with and supported by the evidence of record" [Tr. 6–7]. Specifically, the AC, adopting the ALJ's findings, found that plaintiff could perform alternate jobs identified by the vocational expert that exist in substantial numbers in the national economy, and therefore, under 20 C.F.R. § 416.920(g), plaintiff is not disabled [*Id.*].

Having exhausted her administrative remedies, plaintiff filed a complaint with this Court on November 4, 2020, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1].

Magistrate Judge Guyton determined that plaintiff raised "one major issue on appeal," namely that the ALJ "failed to properly weigh the consultative opinion of Dennis Spjut, Ph.D." ("Dr. Spjut") [Doc. 26, p. 6]. After reviewing the evidence in the record, Magistrate Judge Guyton concluded that the "ALJ properly evaluated Dr. Spjut's consultative medical opinion and provided adequate reasoning for his decision to afford partial weight in some respects and little weight in others" [*Id.* at 8]. On that basis, Magistrate Judge Guyton recommends that plaintiff's motion for judgment on the pleadings [Doc. 20] be denied and defendant's motion for summary judgment [Doc. 24] be granted [*Id.* at 12–13].

Plaintiff objects to the R&R on the basis that the magistrate judge "erroneously determined that the ALJ conducted a proper analysis of the opinion evidence" [Doc. 27, p. 1]. Specifically, plaintiff contends that the magistrate judge "demonstrate[d] classic cherry-picking of the evidence" and "ignored the legal error Plaintiff raised in her briefing" [*Id.* at 6]. Plaintiff also asserts that "the Magistrate Judge, like the ALJ, is mischaracterizing the evidence of record" [*Id.* at 2]. Plaintiff identifies evidence in the record that plaintiff alleges supports a finding that plaintiff is disabled and contends that the ALJ and magistrate judge erred by ignoring this evidence [*Id.* at 3–6].

3

## II. Standard of Review

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments that were previously addressed by the magistrate judge, the Court may deem the objections waived. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). Further, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.*[1]

## III. Analysis

Plaintiff appears to raise two objections to the R&R: (1) the magistrate judge, like the ALJ, mischaracterized the evidence of record and therefore afforded partial weight to Dr. Spjut's opinion; and (2) the magistrate judge "ignored the legal error Plaintiff raised in

---

[1] Although the Court has conducted a *de novo* review of the portions of the R&R to which plaintiff objects, plaintiff's contention that "the Magistrate Judge, like the ALJ, is mischaracterizing the evidence of record" [Doc. 27, p. 2] suggests that plaintiff is "merely restat[ing] the arguments previously presented," and therefore, her objections could be deemed waived. *VanDiver*, 304 F. Supp. 2d at 937.

4

her briefing" [Doc. 27, pp. 2, 6].² While not entirely clear, the Court construes the "legal error" to be that the ALJ did not "engage in a fair review of the whole record" [*Id.* at 3, 6]. The Court addresses each objection in turn.

### A. Dr. Spjut's Opinion

First, plaintiff asserts that the ALJ's decision to afford partial weight to Dr. Spjut's opinion does not have sufficient support in the record and the magistrate judge erroneously found otherwise by mischaracterizing the evidence [Doc. 27, pp. 1–2]. Defendant maintains that the ALJ properly gave partial weight to Dr. Spjut's opinion [Doc. 25, pp. 7–8].

"This [C]ourt's review of the ALJ's findings is limited to an inquiry into whether they were supported by substantial evidence. . . . If the answer to that question is 'Yes' the court may not even inquire whether the record could support a decision the other way." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (citations, quotations, and alterations omitted). "Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citation and quotations omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than

---

² The Court notes that plaintiff's objections contain only one heading, asserting that the magistrate judge did not properly assess whether the ALJ properly analyzed the opinion evidence [Doc. 27, p. 1]. Likewise, plaintiff's brief submitted to the magistrate judge also contains only one heading, asserting that the ALJ's conclusion is not supported by substantial evidence because the ALJ did not properly consider Dr. Spjut's opinion [Doc. 21, p. 1]. Nonetheless, plaintiff appears to argue that the ALJ also disregarded other pertinent evidence, which she asserts constitutes the "legal error" that the magistrate judge "ignored" [Doc. 27, pp. 5–6].

5

a mere scintilla. . . . It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted).

The relevant inquiry in evaluating plaintiff's first objection is therefore whether substantial evidence in the record supports the ALJ's decision to afford partial weight to Dr. Spjut's opinion. "[T]hree types of medical sources[,] nonexamining sources, nontreating (but examining) sources, and treating sources," may provide opinions in these cases. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) (citations and quotations omitted). While an ALJ must "give good reasons in its notice of determination or decision for the weight it gives the claimant's treating source's opinion," with regard to nontreating sources, an ALJ must only "generally give more weight to the opinion of a source who has examined the claimant than to the opinion of a source who has not examined h[er]." *Id.* (citations, quotations, and alterations omitted). The parties do not dispute that Dr. Spjut is a nontreating source [Doc. 21, p. 13]. Therefore, the ALJ was only required to evaluate Dr. Spjut's opinion according to "factors including the length and nature of the treatment relationship, the evidence that the physician offered in support of h[is] opinion, how consistent the opinion is with the record as a whole, and whether the physician was practicing in h[is] specialty." *Ealy*, 594 F.3d at 514 (citing 20 C.F.R. § 404.1527(c)).

The Court finds that substantial evidence supports the ALJ's decision to afford partial weight to Dr. Spjut's opinion. According to plaintiff, the magistrate judge pointed

6

to Dr. Spjut's opinion as purporting to demonstrate that plaintiff has sufficient ability to concentrate, contrary to Dr. Spjut's conclusions, but plaintiff argues that the ALJ only cited this evidence in support of his determination that Dr. Spjut's conclusions about plaintiff's adaptability were based on her physical impairments rather than her mental impairments [Doc. 27, pp. 2–3]. Second, plaintiff argues that the magistrate judge points to Exhibit 16F, pages 232, 280, and 536 as purporting to show that plaintiff has sufficient ability to concentrate, but the ALJ did not cite these portions of the record in support of his determination regarding plaintiff's ability to concentrate, but rather, cited page 262 of Exhibit 16F. Thus, plaintiff argues that neither the ALJ, nor the magistrate judge, built a sufficient bridge between the evidence and the ALJ's determination regarding Dr. Spjut's opinion [*Id.*]. These arguments do not address the relevant inquiry: whether substantial evidence supports the ALJ's decision to afford partial weight to Dr. Spjut's opinion.

Based on the evidence, the ALJ found that plaintiff "has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 416.97(a) except that she should avoid crawling and climbing ladders, ropes, and scaffolds, and she is able to perform other postural maneuvers occasionally" [Tr. 166]. The ALJ also stated that plaintiff "should avoid all exposure to hazards" but "is able to perform simple, routine, repetitive work, and she is able to have occasional interaction with the public" [*Id.*]. In explaining this finding, the ALJ stated the following regarding Dr. Spjut's opinion evidence:

> The undersigned gives partial weight to the opinion of Dr. Spjut, as he is a specialist who had an opportunity to evaluate the claimant, and he based his opinion on that evaluation. Dr. Spjut's opinion regarding the claimant's ability to understand and remember and to interact with others is generally

7

> consistent with the overall evidence. However, his opinion regarding the claimant's ability to focus attention and concentrate is inconsistent with her own subjective reports to him that she watches television 12 hours a day and keeps up with the news, or with observations by the claimant's provider that she had no difficulty focusing her attention during a mental status examination (Exhibit 15F p. 262). Likewise, his opinion regarding the claimant's limitation in general adaptability appears to be based on her physical mobility rather than her mental impairments as he stated that she would likely be aware of most normal hazards, but would have difficulty taking precautions even if quick mobility was not consistently required, and she is not able to travel independently (Exhibit 18F). Accordingly, his opinion in this area is entitled to little weight.

[Tr. 169]. The AC affirmed the ALJ's finding in this regard [Tr. 70–73].

On appeal, the magistrate judge concluded that the ALJ "engaged in a multi-faceted discussion of Dr. Spjut's consultative opinion and provided adequate reasoning as to the weight he afforded to it—including his decision to afford partial weight to some aspects of Dr. Spjut's opinion and little weight to others" [Doc. 26, p. 9]. The magistrate judge noted that the ALJ directly addressed many of the factors enumerated in 20 C.F.R. § 404.1527(c) in explaining the weight afforded to Dr. Spjut's opinion [*Id.* at 10].

The Court finds that the ALJ's decision to afford partial weight to Dr. Spjut's opinion is supported by substantial evidence. Because Dr. Spjut is not plaintiff's treating physician, the ALJ was not required to support the decision to afford partial weight to Dr. Spjut's opinion with "good reasons." *See Ealy*, 594 F.3d at 514. Nevertheless, the ALJ did so. The ALJ noted that Dr. Spjut's opinion regarding plaintiff's ability to concentrate was inconsistent with plaintiff's subjective reports and reports provided by

8

plaintiff's provider.³  For example, plaintiff's primary care provider "observed her to have intact recent and remote memory with good insight and judgment [Tr. 97 (citing Exhibit 25F, pp. 5, 8, 11, 15, 24, 28, 34, 37)].  Additionally, "another provider noted that [plaintiff] has no problem with memory, is able to understand others, and is able to comprehend and follow directions [*Id.* (citing Exhibit 16F, pp. 241, 256, 281)].  Either of these inconsistencies is sufficient to support the ALJ's decision to afford only partial weight to Dr. Spjut's opinions.  While plaintiff asserts that the magistrate judge relied on different evidence than the ALJ in concluding that substantial evidence exists to support the ALJ's decision, the fact that the magistrate judge did so does not render the ALJ's decision unsupported by the evidence [Doc. 27, p. 3].  Instead, it demonstrates that additional evidence supports the ALJ's decision beyond that which the ALJ cited when explaining the decision.  Therefore, the Court finds that the ALJ's decision to afford partial weight to Dr. Spjut's opinion is supported by substantial evidence.  Plaintiff's objection on this basis is therefore **OVERRULED**.

B.     **Review of the Record**

Plaintiff next asserts that the magistrate judge erred by not addressing plaintiff's contention that the ALJ did not "engage in a fair review of the whole record" [Doc. 27,

---

³ Plaintiff notes that "much ado" has been made regarding plaintiff's report that she watches television for 12 hours a day [Doc. 27, pp. 1–2]. While the ALJ did note this fact in explaining why he decided to afford Dr. Spjut's opinion less weight, the ALJ also noted that Dr. Spjut's opinion is inconsistent with records provided by plaintiff's other providers [Tr. 169]. Regardless of the amount of time plaintiff watches television, substantial evidence supports the ALJ's conclusion.

9

p. 3]. Plaintiff argues that the ALJ and magistrate judge reached their respective conclusions by "cherry-picking [] the evidence, a practice that is expressly prohibited" [*Id.* at 6 (citing *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978))]. According to plaintiff, sufficient evidence in the record exists to establish that plaintiff is disabled, and the ALJ and magistrate judge improperly disregarded this evidence [*Id.* at 4–6].

As stated above, once a court determines that substantial evidence supports the ALJ's conclusion, "the court may not even inquire whether the record could support a decision the other way." *Barker*, 40 F.3d at 794 (citations and quotations omitted). Although plaintiff contends that the magistrate judge erred by not considering evidence in the record that might support a different conclusion than that reached by the ALJ, this inquiry would have been inappropriate since the magistrate judge determined that substantial evidence supports the ALJ's conclusion. *See id.* Further, as stated above, the Court also finds that substantial evidence supports the ALJ's conclusion, and therefore inquiring into whether the evidence supports a different conclusion is not appropriate. Plaintiff's objection will be **OVERRULED** for this reason alone.

However, even turning to the merits of plaintiff's argument, plaintiff has not shown that the ALJ erred. Plaintiff relies on two cases to support her argument that the ALJ erred by focusing on evidence in support of its conclusions and discounting contrary evidence: *Hephner*, 574 F.2d 359 and *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013). Neither of these cases supports sustaining plaintiff's objection regarding the ALJ's review of the record.

10

In *Hephner*, the relevant agency determined that the claimant could continue to engage in his customary work. 574 F.2d at 362. This conclusion rested on a report issued by a doctor who met with the claimant "only once" and opined that the claimant could lift ten to twenty pounds. *Id.* This opinion did not support the administrative decision because the claimant's customary work "consisted of carrying tools and tool boxes weighing between five and one hundred fifty points, a distance of up to one hundred fifty yards." *Id.* Additionally, the opinion was inconsistent with the claimant's treating surgeon, who stated that the claimant "could not return to his former work without a spinal fusion operation." *Id.* In sum, the only evidence supporting the agency's decision contradicted the agency's decision and the claimant's treating physician.

By contrast, in this case, the ALJ's decision to afford Dr. Spjut's opinion partial weight is supported by, *inter alia*, the inconsistency between Dr. Spjut's opinion and plaintiff's primary care provider and other providers. The ALJ properly gave greater weight to plaintiff's primary care provider than Dr. Spjut, as contemplated by 20 C.F.R. § 404.1527(c) and as the Sixth Circuit did in *Hephner*. Further, as stated above, additional evidence supports the conclusion reached by the ALJ, unlike in *Hephner*, where the only evidence supporting the decision contradicted the decision.

In *Gayheart*, the ALJ determined that a doctor's opinion was inconsistent with the record as a whole and therefore gave it little weight. 710 F.3d at 379. The ALJ, however, did not consider the opinion of a second doctor, whose opinion supported the first doctor's opinion. *Id.* The ALJ did not explain why he disregarded the second doctor's opinion, and

11

the Sixth Circuit determined that the ALJ should have done so because the ALJ might have given greater weight to the first doctor's opinion if the ALJ had noted that it was supported by the second doctor. *Id.*

In this case, the ALJ properly considered Dr. Spjut's opinion and the opinions of all other doctors who treated plaintiff. Plaintiff does not contend that the ALJ ignored any doctor's opinion; instead, plaintiff contends that sufficient evidence in the record exists to support a different conclusion than that reached by the ALJ. This inquiry is not appropriate because the magistrate judge and the Court have both determined that sufficient evidence supports the ALJ's conclusion. *See Barker*, 40 F.3d at 794. Accordingly, plaintiff's objection on this basis is **OVERRULED**.

### IV. Conclusion

For the reasons stated herein, and upon *de novo* review of the record in this case, the Court hereby **OVERRULES** plaintiff's objections to the R&R [Doc. 27], **ACCEPTS AND ADOPTS IN WHOLE** the R&R [Doc. 26], **GRANTS** defendant's motion for summary judgment [Doc. 24] and **DENIES** plaintiff's motion for judgment on the pleadings [Doc. 20]. The Commissioner's decision is **AFFIRMED** and this appeal is hereby **DISMISSED**. An appropriate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

12